# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2020

Lyle W. Cayce
Clerk

No. 20-10168
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JIMMY PIKE, *also known as* "DEWEY",

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-304-13

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:

Jimmy Pike pleaded guilty to one count of conspiracy to possess with intent to distribute methamphetamine. The district court sentenced him to 151 months of imprisonment and a three-year term of supervised release. On appeal, Pike only challenges the district court's denial of a two-to-four level mitigating-role reduction in calculating his sentencing range under the Sentencing Guidelines.

Because Pike preserved his claim that the district court erred by denying him a mitigating-role reduction pursuant to U.S.S.G. § 3B1.2, we

No. 20-10168

will review the district court's denial of the mitigating-role reduction for clear error. *See United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013). The record demonstrates that Pike understood the scope and structure of the conspiracy, exercised decision-making authority, participated in the conspiracy and performed acts to further it, and financially benefitted from the conspiracy. *See* § 3B1.2, comment. (n.3(C)(i)-(v)). Pike and his coconspirators combined their money to purchase methamphetamine from their distributor, purchased and sold methamphetamine from each other, and sold methamphetamine across the Northern District of Texas and beyond. Furthermore, Pike negotiated sales and exercised discretion in choosing his customers, and he used the funds from the transactions to support his own use of methamphetamine and to support his business. Accordingly, the factors primarily counsel against the reduction and demonstrate that Pike was not "peripheral to the advancement of the illicit activity." *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005). Though the lack of evidence regarding the degree to which Pike participated in planning or organizing the conspiracy weighs in favor of mitigation, we have found that when some factors support the reduction, but others do not, the district court does not clearly err in denying the reduction. *See United States v. Bello-Sanchez*, 872 F.3d 260, 264-65 (5th Cir. 2017). Given the foregoing, it is "plausible in light of the record as a whole" that Pike was not substantially less culpable than the average participant in the conspiracy. *Zuniga*, 720 F.3d at 590. Thus, the district court's denial of the mitigating-role reduction was not clearly erroneous. *See id.*

Pike also argues that a remand is necessary because the district court erred by not articulating a permissible factual basis for denying the mitigating-role reduction. Because Pike brings this challenge for the first time on appeal, we will review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Lopez-Velasquez*, 526 F.3d 804, 806

(5th Cir. 2008).  We held in *United States v. Melton* that the district court must "articulate the factual basis for finding that, in this particular offense, [the defendant] was an average participant" and "state for the record the factual basis upon which it concludes that a requested reduction for minor participation is, or is not, appropriate."  930 F.2d 1096, 1099 (5th Cir. 1991). However, we have limited this requirement to only when the defendant has "requested that the court articulate the factual basis for the court's findings and the reasons for refusing the reduction."  *Bello-Sanchez*, 872 F.3d at 266 (internal quotation marks and citation omitted).  Because Pike did not request the district court to articulate a factual basis for denying the mitigating-role reduction, *Melton* is inapplicable to his case.  *See id.*  Pike has therefore not shown any error, much less plain error.  *See Puckett*, 556 U.S. at 135.  Thus, a remand is not necessary.  *See Bello-Sanchez*, 872 F.3d at 266.

Accordingly, the judgment of the district court is AFFIRMED.