# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2022

Lyle W. Cayce
Clerk

No. 21-50030
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANGEL DE JESUS GARCIA-LIMON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
No. 5:20-CR-124-2

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Angel Garcia-Limon appeals his concurrent sentences for possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and conspiracy to do the same. He raises arguments pertaining to the denial of a mitigating-role adjustment

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

per U.S.S.G. § 3B1.2.

First, Garcia-Limon posits that the district court incorrectly interpreted § 3B1.2 because it did not clearly compare his relative culpability to that of the other actors in the criminal activity. Although he objected to the lack of a mitigating-role adjustment, Garcia-Limon did not preserve this argument on appeal. *See United States v. Pike*, 979 F.3d 364, 365–66 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1278 (2021). Accordingly, review is for plain error. *See id.*; *United States v. Benitez*, 809 F.3d 243, 248 (5th Cir. 2015); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

Insofar as the district court did not sufficiently articulate its finding regarding the average participant in the criminal activity or its other reasoning, a court must articulate such points only where a defendant has requested that it do so. *See Pike*, 979 F.3d at 365–66. Garcia-Limon did not make such a request, so he has not shown any error, plain or otherwise. *See id.* Moreover, the record does not support his contention that the district court incorrectly interpreted § 3B1.2 to mean that a mitigating-role adjustment is not applicable to a defendant who is involved in any criminal activity at all. The court's statements that Garcia cites for this theory were not a direct reflection of the court's understanding of the scope of § 3B1.2 but were instead a portion of its mitigating-role analysis. *See* § 3B1.2, comment. (n.3(C)(i)).

Next, Garcia-Limon maintains that the district court clearly erred by failing to award him a mitigating-role adjustment. "Whether a defendant was a minor or minimal participant is a factual determination that we review for clear error." *United States v. Castro,* 843 F.3d 608, 612 (5th Cir. 2016) (internal quotation marks, brackets, and citation omitted). The commentary to § 3B1.2 lists several non-exhaustive factors that a court may consider when determining whether to apply the adjustment. *See United States v. Gomez-Valle*, 828 F.3d 324, 329 (5th Cir. 2016); § 3B1.2, comment. (n.3(C)(i)-(v)).

Where some factors support a mitigating-role adjustment but others do not, the district court does not clearly err in denying it. *See United States v. Bello-Sanchez*, 872 F.3d 260, 264–65 (5th Cir. 2017).

Here, applied to the facts, the factors weigh both in favor of and against a mitigating-role adjustment. *See* § 3B1.2, comment. (n.3(C)(i)-(v)). The record includes facts demonstrating that Garcia-Limon had some understanding of the scope and structure of the criminal activity; that as the driver, he had an integral role in the criminal activity; and that he stood to benefit, albeit minimally, from the criminal activity. § 3B1.2, comment. (n.3(C)(i), (iv), (v)). But the absence of evidence regarding Garcia's decisionmaking authority or influence, as well as his participation in planning and organization, weighs in favor of mitigation. *See* § 3B1.2, comment. (n.3(C)(ii)-(iii)). Accordingly, because "the factors support a plausible judgment in either direction[,]" the court did not clearly err in denying a mitigating-role adjustment. *Bello-Sanchez*, 872 F.3d 264-65 (quote at 264).

AFFIRMED.