# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2022

Lyle W. Cayce
Clerk

No. 21-40654
Summary Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HERMENEGILDO ESPINO-TREJO,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-1667-1

_____

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Hermenegildo Espino-Trejo appeals his 240-month sentence following his guilty plea conviction for conspiracy to import 500 grams or more of methamphetamine. Espino-Trejo challenges the district court's determination that he did not qualify for a mitigating role adjustment under

_____

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40654

U.S.S.G. § 3B1.2. He contends that he should have received a two-level downward adjustment for his minor role in the offense because he was merely a courier who acted under duress. Our review of this issue is for clear error. *See United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016). In view of the record as a whole, Espino-Trejo did not show that he was substantially less culpable than the average participant or that he was peripheral to the criminal activity. *See* § 3B1.2, comment. (nn.3 & 5); *United States v. Anchundia-Espinoza,* 897 F. 3d 629, 634-35 (5th Cir. 2018); *Castro*, 843 F.3d at 612.

To the extent Espino-Trejo asserts that the district court erred by not making any findings as to the average participant in the conspiracy or whether his participation was substantially less culpable for purposes of § 3B1.2, this issue is reviewed for plain error. *See United States v. Pike*, 979 F.3d 364, 365 (5th Cir. 2020), *cert. denied* 141 S. Ct. 1278 (2021). Espino-Trejo has shown no clear or obvious error as he did not request that the district court articulate its reasoning at sentencing. *See Pike*, 979 F.3d at 365-66.

For his challenge to the imposition of the importation enhancement under U.S.S.G. § 2D1.1(b)(5), Espino-Trejo asserts the enhancement was unwarranted because he was entitled to a mitigating role adjustment. Because, as discussed above, his mitigating role argument fails, Espino-Trejo was eligible for the importation enhancement. *See* § 2D1.1(b)(5)(B).

Finally, Espino-Trejo has abandoned, for failure to adequately brief, any challenge to the substantive reasonableness of his sentence. *See United States v. El-Mezain*, 664 F.3d 467, 572 (5th Cir. 2011).

AFFIRMED.